# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50939
c/w No. 15-50940
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS FERNANDO CANTU-SANDOVAL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1248-1
USDC No. 3:15-CR-771-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Luis Fernando Cantu-Sandoval appeals the within-Guidelines, ninety-six-month sentence he received following his guilty plea conviction for illegal reentry, as well as the consecutive within-Guidelines, twenty-four-month sentence he received following the revocation of his supervised release. He asserts that his combined sentence of 120 months is substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable as it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Cantu-Sandoval argues that his sentence is unreasonable for four reasons:  (1) because the illegal reentry Guideline lacks an empirical basis; (2) because his sentence effectively double counts his criminal history; (3) because illegal reentry is a nonviolent offense; and (4) because the district court failed adequately to consider his personal history and characteristics, including his lifelong U.S. residency, his history of substance abuse, and his benign reasons for reentry.

When, as here, the district court imposes a sentence within a properly calculated Guidelines range, the sentence is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut this presumption, Cantu-Sandoval must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

As he acknowledges, Cantu-Sandoval's argument that the presumption of reasonableness should not apply to his illegal reentry sentence because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed, and he raises it only to preserve it for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009). We likewise have previously rejected the contention that a within-Guidelines sentence is unreasonable because § 2L1.2 effectively double counts prior convictions. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). Nor have we been persuaded by the claim that the Sentencing Guidelines do not take into account the nonviolent nature of an illegal reentry offense. *See, e.g.*, *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Cantu-Sandoval's personal history and the alleged nonviolent motive for returning to this country are insufficient to rebut the

presumption of reasonableness attached to his within-Guidelines illegal reentry sentence. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). The district court "considered and obviously rejected these arguments as a basis for a non-Guidelines sentence," and as Cantu-Sandoval "was sentenced within a properly calculated [g]uidelines range, his sentence is entitled to a presumption of reasonableness that we see no reason to disturb." *Id.*

Insofar as Cantu-Sandoval challenges the fact that his revocation sentence was ordered to be served consecutively to his non-revocation sentence, his challenge is unavailing. Because his twenty-four-month revocation sentence falls within the applicable advisory Guidelines range and is consistent with U.S.S.G § 7B1.3(f), p.s. (mandating that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving"), it is entitled to a presumption of reasonableness. *See, e.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 808–09 (5th Cir. 2008). Cantu-Sandoval has not rebutted the presumption of reasonableness afforded his revocation sentence.

The district court's judgment is AFFIRMED.